Mark POMPANO, Plaintiff–Appellee,

v.

CITY OF HERMOSA BEACH; Donovan Sellan; George Brunn; Michael Lavin, Defendants,

and

Donald Jones, Defendant–Appellant.

No. 06–56131.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2008.*

Filed April 17, 2008.

Gary S. Casselman, Esq., Law Offices of Gary S. Casselman, Los Angeles, CA, for Plaintiff–Appellee.

Shannon L. Gustafson, Esq., Lynberg and Watkins A Professional Corporation, Orange, CA, for Defendants and Defendant–Appellant.

S. Frank Harrell, Esq., for Defendant–Appellant.

Before: PREGERSON, D.W. NELSON, and FERNANDEZ, Circuit Judges.

**MEMORANDUM** **

Donald Jones, a sergeant with the Hermosa Beach Police Department, appeals the district court's denial of summary judgment on his assertion of qualified immunity from Mark Pompano's claims under 42 U.S.C. § 1983. We affirm.

Jones concedes that we should accept Pompano's version of the material facts as true. Thus, we have jurisdiction to hear

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

this appeal. *See Johnson v. County of Los Angeles,* 340 F.3d 787, 791 n. 1 (9th Cir. 2003); *see also Scott v. Harris,* —— U.S. ——, ——, 127 S.Ct. 1769, 1774–75, 167 L.Ed.2d 686 (2007). That being so, we must reach a single ineluctable conclusion, based on this record.[1]

The evidence propounded by Pompano and the reasonable inferences therefrom would support a decision by a rational trier of fact[2] that Jones, a supervisor of the arresting officers, was well aware of the impropriety of their arrest of Pompano for being drunk in public and knew that he ought to order Pompano's release forthwith. However, he continued to detain Pompano for the sole purpose of extracting a statement that would serve to protect the reputation or assets of the officers and the City. In short, a rational trier of fact could determine that Jones acquiesced in the officers' unconstitutional actions,[3] and that he improperly and unreasonably extended the length of Pompano's detention for improper purposes.[4] Simply put, "he participated in the deprivation of [Pompano's] constitutional rights." *Watkins,* 145 F.3d at 1093.

Based upon those determinations, qualified immunity would not be available to Jones. *See Saucier v. Katz,* 533 U.S. 194, 201–02, 121 S.Ct. 2151, 2156, 150 L.Ed.2d

272 (2001); *Sorrels v. McKee,* 290 F.3d 965, 969 (9th Cir.2002).

AFFIRMED.

---

1. We hasten to emphasize that statements about the facts in this disposition are solely based on the record at summary judgment and are not meant to establish those facts as the law of the case.

2. *See Scott,* —— U.S. at ——, 127 S.Ct. at 1776; *see also Behrens v. Pelletier,* 516 U.S. 299, 313, 116 S.Ct. 834, 842, 133 L.Ed.2d 773 (1996).

3. *See Edgerly v. City and County of San Francisco,* 495 F.3d 645, 660 (9th Cir.2007); *Lolli v. County of Orange,* 351 F.3d 410, 418 (9th Cir.2003); *Watkins v. City of Oakland,* 145

F.3d 1087, 1093 (9th Cir.1998); *see also Blankenhorn v. City of Orange,* 485 F.3d 463, 486 (9th Cir.2007) (excessive force); *Dubner v. City and County of San Francisco,* 266 F.3d 959, 968 (9th Cir.2001) (unlawful arrest).

4. *See County of Riverside v. McLaughlin,* 500 U.S. 44, 56, 111 S.Ct. 1661, 1670, 114 L.Ed.2d 49 (1991); *Hallstrom v. City of Garden City,* 991 F.2d 1473, 1479–80 (9th Cir. 1993).

